Hey, please the court. My name is Paul Turner. I'm with the Federal Public Defender Office in Las Vegas, Nevada I'm here this morning to represent Toby Bishop I'd like to reserve two minutes for rebuttal your honor. Thank you Obviously, I'm here to respond to whatever areas the court wants to wants to get into but I would like to deal principally with equitable Tolling this morning. I'm certainly not waiving my statutory tolling argument, but I believe the Most important things I have to say this morning are in the area of equitable tolling Do you want the statutory tolling question now or at the end? Your honor, I think it's whatever is convenient for you In the argument in your brief There's there is the Effort to show inadequacy of the rule I'm not clear in my mind Where that fits in to statutory tolling it seems to me. That's an entirely different issue and This case is not the only one that we have on this calendar that has this this situation So why why should we incorporate the end whether the rule is inadequate? into the issue of statutory tolling And do you have a case that shows we should? Your honor the cases that I cited The Ford case and cases dealing with new rules the the twist to this case I believe and maybe to some of the others you're referring to is that that we have a situation where we're in our judgment the law changed in Nevada and My client received a retroactive application of that law which rendered his petition Untimely under under Nevada law, I understand but I My difficulty is the inadequacy rule, which is which you've taken from the procedural default cases and Tried to make applicable to statutory tolling it This seems to me to be different things and I haven't found a case that says that you can do this Your honor. I think I think generally speaking. You're absolutely correct and I understand where you're coming from on that I I think the first thing that I'd say as I already said is that this is a situation where Where we're looking at a new rule that that was applied That that makes it a very small subset of cases involving a new a new rule We were offering that as an exception to the Siebert situation to the common in pace about When when state courts make a ruling on timeliness, that's the end of the of the discussion We believe that they don't mean and that ultimately the Supreme Court Hopefully will tell us that they don't mean that it's the end of the discussion when a new rule is being applied That would be a very very harsh harsh rule to apply to somebody and we believe that that should be an exception We also we also think in this circuit at least in an unreported case the concept of The issue of whether or not the state decision is totally Insured or protected you can't go behind the state decision that issue has been has been offered as a possible issue And I've seen that in other cases, too Whether the state ruling is just bulletproof Completely and we don't think it should be where it where it's applied in this in this context to deny someone a federal right I thought don't don't let me lead you too far astray. I know you've used up almost after time on my straight quick No, because in light of pace You know, even though I understand your argument we have a little more constrictions on equitable tolling I'm trying to understand the state of Nevada law. I know what Gonzales said So did the did Gonzales depart from Kellogg or did it just merely in a way? Extend this issue for the first time to habeas situation Well in our position is that it departed from Kellogg from a reasonable reading of Kellogg because Kellogg is obviously based on Houston v. Lack and in Kellogg the Nevada Supreme Court endorses Houston embraces Houston and as as your honor It's probably aware that the the case is following up on Houston in many state Courts and also certainly in the federal system and right here in this court Houston has been extended and moved into other into the area of post conviction I think it's fair to say that that probably almost every lawyer you could have asked probably in Nevada and probably here Before the Gonzales case would have said of course the mailbox rule applies And I think there's a real shock when when Gonzales came down Dispositions where petitioners relied on dictator we do charm and For the notion of the mailbox rule, and then we said well in light of that Pace didn't kick them out for purposes of equitable tolling if they moved expeditiously But I don't see any indication In the record here about Bishop relying on dictator in any way does that matter We believe the reliance your honor that's contemplated in in base and pace and Harris in this Circuit in towns I'm sorry the Townsend case we believe it's a constructive reliance. It should be a categorical rule and is a categorical rule We believe that that the rule would be that if you constructively rely on the existing case law when you're filing that that that that Coupled with and the most important factor we believe is diligence and that indeed is the message of pace This mr. Pace would have gotten his equitable tolling if he had been diligent. He was grossly undiligent He he spent years wasting time not going back into state court and then not going into federal court Notice he might have that he was untimely would be the order to show cause Being kind of the first possible that that is correct your honor A couple months of that. Yes, he does He doesn't really know he's not time right until July 1 of 05 when the Nevada Supreme Court That's correct your honor and and the remitted or under Nevada law cases and final until the remitted er comes down That was on July 26 the day before he's in federal court Mr. Bishop is is a extremely diligent litigant. I want to ask you a question about your argument that He should be deemed to have constructively relied on dictato and that it's categorical I think was the term that you used What is your best case for the concept that equitable tolling is to be applied? in the absence of actual individual reliance on something or actual Individual inability for a particular reason that it's to be applied in that broad fashion Understand your honor. I think Harris is that is the of course the most important case that we're looking at here Coupled with pace in Harris. They do talk about a good-faith reliance, but they cite to The us the Jones v. Blahnaz case out of this circuit in 393 f3rd 918 which is cited and if you look at Jones They cite to Jones for good for what is what is a good-faith reliance basically? What is good faith if you look at Jones Jones is the case? Where a person was not gaming the system I don't know if that's justice Scalia's words or somebody else's but the idea that I think is is Apple here is that It's equitable from the point of view that the litigant is doing his best Legitimately to present his case. He's not trying to play games with the court. He's not trying to Waste the court's time Equitable tolling is not nearly for people who aren't playing games Someone could wait five years in good faith while they're diligently looking in the law library And they're not really in bad faith or Sneaky or any of those things. I guess I just have difficulty with this idea that the reliance type of equitable tolling occurs without any actual reliance on part of the individual I Think one area that we cited in my rule 59 e motion Which is in the record in the district court that there are a series of cases They end up often being tax cases Where courts have made it clear that the old idea that you hear almost the first day of law school or maybe first day of being an adult that you're you're you're held to know the law as a citizen of this country that that has a reverse to it also that that To extend it it makes you have a duty to do something you're held to know the law But you're also also presumed to know the law when it's a benefit that you're going to get So in the tax case in the tax cases the the the taxpayer Did not know Specifically actually know about an old tax case But but he he is given the benefit of that law in order to conclude that he didn't commit fraud I understand I understand your position, but this individual was represented by counsel at the time by the time of the order to show cause in May of 2005 That's correct. That's correct. Your honor. Okay. He had no counsel until his federal petition would have been Absent dictato his federal petition would have been untimely years earlier before he ever got counsel He didn't get counsel till I believe early 2003 I think it was in state court. It would have been it would have been too late He'd have been out completely. So he this is a pro se litigant here. This is not a lawyer represented litigant Well, the reason the May date seems important to me is if we gave you the benefit It's I may be my math may be off here But it seems to me that if we were to give you the benefit of all of the different forms of tolling That by the time of that May 17 2005 order He knew he had to know at that point that there was a timeliness problem because of the order to show cause and yet The the federal petition was not filed For more than two more months, you know, can I respond to that? Sure, he couldn't file his federal petition and had to keep it in court under the raspberry case that's come down from this court He had no exhausted claims because he had never had a direct appeal He couldn't have kept a federal petition in court also until rhymes in March of 05. He couldn't even get a stay So he couldn't have stayed in court. It would have been a total waste of Judicial resources for him to file a federal petition at that point. He couldn't even have filed a protective federal No, he could not I mean he could have filed a piece of paper, but it's going to be kicked out There's not no way to stay the raspberry case makes that pretty clear from this circuit And and I think that's clear from from just from Rose v. Lundy. He here though He had no exhaustive claims So there's no way he could stay he could stay in court And and his only option was to get through the state system and then get to federal court Which he did one day before the remitted or issued you don't get you can't be any more diligent than that one other thing Unless your honor has a question on that I'd like to mention one thing as a tail to my argument is an equal protection argument here There are other cases in this circuit where people have gotten the relief Mr. Bishop is asking for run reported cases and our position under Myers v Ilst the protection case out of this court would be that that it denies him equal protection for others to get that benefit for him To not get it as an aside Housekeeping item and I apologize to the court one of the cases Sullivan which is out of our office is back in this court now It and I should have Probably filed a notice. Yes, you have to apologize for that after after Court, would you go ahead and I will do that file whatever you need to one question We've run you way over your time At the time that there was a response required to the Nevada Supreme Court Your client did not say was relying upon the mailbox rule at all Would that be a waiver of bringing it up later the Supreme Court after all has said tell me what the problem is Then he doesn't mention mailbox rule then later on. He says this is really my what my case is about well, I Obviously it would have been infinitely better for him to have mentioned the mailbox rule as in as we would hope any living it would But that that was the law in Nevada. And as I pointed out in my reply brief your honor when you go to 34.7 to 6 the timeliness statute in Nevada the first case you see listed there in the in the Annotations is the Gonzales case the mailbox rule and and that that that is he should have been relying on it under Gonzales But he was not so well his lawyer. I'm sorry to interrupt you your honor, but his lawyer Did not mention it that Unfortunately that happens sometimes lawyers don't mention what the law is, but that was the law that That's what waivers about his statements to the court as to how your cases can be tried And we don't go back and say do you really mean it? We we look at the lawyers and they're competent to represent clients, and I'm just curious It's usually when a situation like that comes up. They've waived the right to argue subsequently of the mailbox rule I just wanted to get your response You're absolutely right And I that my only question would be that where it is the only rule in the state it is the essence of the state Timeliness bar where it's the first listed case. I think it's frankly I think every judge on that court knew the mailbox rule and certainly most Lawyers now a lot of us don't practice a lot of people don't practice post-conviction law very well They don't practice it much and they may be careless and this lawyer may have been in that box But but that was the law it's like saying Equal protection is not you have to say it every time. I mean, you don't really have to say it every time I don't think well, maybe you do and I understand Thank you May please the court Dennis Wilson from the Attorney General's office appearing at behalf of Warden Foster. You want to keep your voice up, please? I will thank you I Think it's basically been conceded that under Pace and Allen versus Siebert Because the state a Supreme Court found that Bishops post-conviction petition was untimely filed therefore. He's not entitled to statutory tolling the argument that Bishop makes is that Because the allegedly new prison box prison mailbox rule in Gonzalez It was not adequate for purposes of procedural bar therefore Somehow his state paper state post-conviction petition was properly filed and consequently Bishop was entitled to Statutory tolling this argument has no merit. I'm more interested in equitable tolling if you would turn to that Why well Why wouldn't he be entitled to equitable tolling even if he's not entitled to statutory tolling? because before Gonzalez Nevada law was unclear as to the potential application of Prisoner mailbox rule to a habeas petition Well, the first reason that he's not entitled to equitable tolling is because he never raised equitable tolling he waived Equitable tolling by not raising it before the federal district court. He never argued for it in his state habeas State district court habeas Opening brief and he never argued it in his federal Excuse me his federal district court opening brief or his federal district court reply and Because he never argued it He then filed his rule 59e motion under Harris versus Carter and before he could get in the door under Harris versus Carter He had to show that Harris versus Carter was a change in controlling law The district court correctly found that Harris versus Carter was not a Intervening change in controlling law because One Harris did not overrule any prior precedent To Bishop never argued Equitable tolling on any point Argued to or addressed by the federal district court prior to the entry of the prior to the entry of final judgment The third reason that the bishop the district courts ruling was correct Was that he didn't need the benefit of Harris to make the argument that he relied on dictator versus Ducharme He could have made that argument on himself He didn't raise that argument until he saw Harris versus Carter and said, oh this applies to get me in the door Because I didn't raise it in the federal district court He could have made that argument at any time, but he didn't Your Bottom-line position is that he waived The ability to even make a statutory tolling argument. No an equitable tolling Yes, that's correct because it's clear that it was never raised In before the federal district court and federal district court clearly found that He then tried to get it in under rule 59 Saying it was changing in controlling law, which which it's not so He's not entitled to equitable tolling Going back to the statutory tolling argument As judge Wallace mentioned The argument that the procedural bar somehow of and under Gonzalez Somehow Entitles him to statutory tolling is is without merit the argument is without merit because it confuses and improperly mixes the principles of procedural bar with the principles of statutory tolling even if the state Supreme Court had applied a new rule That new rule would only overcome the procedural default it would not have anything to do with statutory tolling I have a question of going back to equitable tolling at at the time The Nevada Supreme Court issued its order to show cause in May of 2005 Counsel Opposing counsel says that it would not have been possible for his client to have filed a federal petition at that time because the state claims were not exhausted Do you agree with that or not agree with that and at that moment in time did? Was there still time left to file? Well, just the first thing I'd Argue is that this matter this issue was never raised until now It's never been raised in federal district court. It's never been raised in the briefs first time I heard that this was an issue was this morning So he can't raise that matter for the first time on appeal So that's the court not to address that I haven't had a chance to respond to it. I've seen it in other cases But I haven't had a chance to respond to in this case. You can't raise it for the first time on appeal Well, it's an that's kind of an odd one that would be more one that the state would be raising which is or you know Is to say well if even if there's equitable tolling you should have filed a protective Petition and hoped for stay in abeyance or whatever. I mean normally it's kind of We raised reflexively. So it's kind of in an odd posture here I kind of want to go back though. Just the basic question at the time that Bishop filed his Petition it seems that the state of the law was that everyone assumed mailbox applied Because of Kellogg or was there is there anything to suggest otherwise at that point? well, there is your honor as I mentioned in my brief, I'd completely disagree that the the Kellogg rule of 1992 Which basically held that When you fund an inmate files a notice of direct appeal we will give him the benefit of the prison mailbox rule and Kellogg basically said it you've only got 30 days To file that notice of appeal. So because of that 30 days we will give you the benefit of the prison mailbox rule When The Nevada Supreme Court decided Bishop's case it didn't even mention Gonzales Gonzales Came out 10 10 years after Kellogg and what the Nevada Supreme Court said in Gonzales when the The appellant argued that he should be entitled to the prison mailbox rule they said Basically you have a year so we're not going to we declined to extend the prison mailbox rule to post-conviction petitions for writs of habeas corpus Well, I understand what they did But that's of course after the fact from when people based on Dictado Kellogg and others assumed That if you deposit it as he did on the second That either would be deemed to be filed or what would be Received by the deadline of the seventh and so there's not I mean you're telling me now what the Nevada Supreme Court that went back and did Under Gonzales, but is there anything in the case law or otherwise? That would point to that decision as of May 2002, which was before the Gonzales decision All right Well judge first I disagree that the state of the law was that you got The prison the benefit the prison mailbox rule in filing a state post-conviction petition the state statute says you have one year from the entry of a judgment of conviction They agreed to extend that and notice of direct appeal, but there was never any Law that said we're going to or we do extend it now the Representations that have been made that everybody was shocked by this is not true. It's never been addressed. I Think the burden would be on the I wouldn't even say it was undecided. I would say that it had never been raised So when it was finally raised ten years after Kellogg the Nevada Supreme Court declined to extend it It doesn't mean that they were applying it during that ten-year period under the statute under the Dickerson case It would appear that they had not Applied the prison mailbox rule to state post-conviction petitions I See that my time is up it has expired Thank you very kindly and your time long expired, but we asked you a lot of questions And this is complicated. So we'll give you a minute for rebuttal. Thank you, Your Honor on the rule 59 emotion first of all Harris I'm not aware of any hair any case before Harris that suggested that dictator Was the subject of an equitable tolling argument and I think it's it is a new rule in that sense There's no other case that I know about the elephant in the room here Is whether you made an argument in the district court in any time before? The rule 59 e motion that equitable tolling should apply. I Did not your honor. No, I did not do I did not courts, right? And that's absolutely correct What I did do is as soon as Harris Harris came down about two weeks three weeks before the the ruling in this case and Within the obviously within the time allotted by rule 59e. I filed My 59 emotion based on the on Harris as a new rule also 59 emotions are granted for meant to correct manifest injustice and to make sure that there isn't such a thing and as I've Judgment also this court in the George case j-o-e-r-s-s Noted I think has noted that stature tolling and equitable tolling are part of the same family There may be may be be different family members, but they're part of the same family and it's not it's not astonishingly Different to move from statutory tolling to a related equitable tolling argument, but but I did not make that argument Different For statutory tolling and equitable tolling isn't it? I'm sorry your honor the evidence that one has to put forward to sustain equitable tolling is a fairly I Agree with that your honor, although they're often as in this case is tremendous overlap particularly in the procedural history, which is critical to both actually counsel if you would Conclude we'll give you just a moment to conclude if you have a final thought you want to leave us with I'm just saying on on on Gonzales The equal protection argument I made is critically important. I think mr. Bishop should be treated like the other folks That's the law of this the circuit on Gonzales I noted in my rule in our briefs that we filed in the district court that the Attorney General's office at the Gonzales Argument, I believe took the position that they were surprised that the mailbox rule was was not applicable I think most every lawyer in Nevada was surprised and the most obvious reason that might support that is that That the case was handled on the merits below no one below no judge. No lawyer. No one raised Even even if is a new rule Doesn't your client have showed diligence in filing here was two months too late Doesn't a requirement for equitable tolling isn't a requirement that that Diligence be demonstrated absolutely on her and that and and this man was diligent as we noted With no with no exhausted claims because there was no direct appeal. He he couldn't effectively file in the earlier. It would have been But he did file. He was just two months too late That when you're referring to take a tune of lack of diligence, you don't make his federal filing. I'm sorry. Yes He really wasn't because if our arguments correct It wasn't because he filed a day before the remitted er and the state proceeding wasn't final yet. So he filed well Well timely there He waited until he completed his state filing to be sure he was exhausted because he would have been kicked out of court So we understand your arguments and you've exceeded your time. Thank you very much The case just started is submitted
judges: Wallace, Graber, McKeown